

| | | DOCKET NUMBER | COURT USE ONLY |
|---|---|---|---|
| **Trial Court of Massachusetts** **Land Court Department** | | | LAND COURT FILED 2024 MAR 11 P 12: 27 |

## CIVIL COVER SHEET

(For use in all Land Court case types except tax foreclosures, mortgage foreclosures under the Servicemembers Civil Relief Act, and all cases related to original and subsequent registration under G. L. c. 185, §1)

**CASE NAME**

The Estate of Sarah A. Howard rep. Joseph L Nelson.

**LOCUS ADDRESS/DESCRIPTION**   65 Reed St

**CITY/TOWN**   Randulph

## PART I – TYPE OF ACTION

Using the list below, place the **Number "1"** next to the main cause of action asserted in your complaint.

Place an "**X**" next to each other cause of action asserted in your complaint.

Is this complaint verified?  ☐ Yes  ☑ No

Any related cases (open or closed) filed in the Land Court Department? ☑ Yes ☐ No

Case No(s). _____

| | Code | Description | | Code | Description |
|---|---|---|---|---|---|
| | ZAC | Appeal from Zoning/Planning Board G. L. c. 40A, § 17 | | PAR | Partition G. L. c. 241 |
| | ZAD | Appeal from Planning Board G. L. c. 41, § 81BB | | RED | Redemption G. L. c. 60, § 76 |
| | ZJA | Validity of Zoning G. L. cc. 240, 14A, 185, § 1 (j ½) | | SP | Specific Performance of Contracts G. L. c. 185, § 1 (k) |
| | ZEN | Enforcement of Zoning G. L. c. 40A, § 7 | | MBF | Determine Municipal Boundaries G. L. c. 42, § 12 |
| | COT | Remove Cloud on Title G. L. c. 240, § 6 - 10 | | MFE | Determine Boundaries of Flats G. L. c. 240, § 19 |
| | DOM | Discharge of Old Mortgage G. L. c. 240, § 15 | | CNC | Certiorari G. L. c. 249, § 4 |
| | LVT | Affirm Tax Foreclosure - Land of Low Value G. L. c. 60, § 80B | | MAN | Mandamus G. L. c. 249, § 5 |
| | MTB | Try Title G. L. c. 240, § 1 - 5 | | TRE | Trespass to Real Estate Involving Title G. L. c. 185, § 1 (o) |
| | MWA | Recover Freehold Estate (Writ of Entry) G. L. c. 237 | | EQA | Equitable Action Involving Any Right, Title or Interest in Land G. L. c. 185, § 1 (k) |
| | MRC | Determine Validity of Encumbrances G. L. c. 240, § 11 - 14 | | | |
| | CER | Enforce Restrictions G. L. c. 240, § 10A - 10C | | AHA | Affordable Housing Appeal G. L. c. 40B, § 21 |
| | MAD | Determine Fiduciary Authority G. L. c. 240, § 27 | | OTA | Other |

**SIGNATURE OF SELF-REPRESENTED PLAINTIFF**   Joseph L Nelson

**DATE**   11 march 2024

## PART II – UNIFORM COUNSEL CERTIFICATE (SJC RULE 1:18)

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| SIGNATURE OF ATTORNEY | BBO NUMBER | DATE |
|---|---|---|
| | | |

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

**SUPERIOR COURT
CIVIL ACTION
NO. 2382-cv-01142**

### THE ESTATE OF SARAH A. HOWARD, JOSEPH L. NELSON, Plaintiffs

**vs.**

### SELECT PORTFOLIO SERVICING, INC. and FREDDIE MAC, Defendants

### RULING ON PLAINTIFFS' MOTIONS FOR *LIS PENDENS* AND PRELIMINARY INJUNCTION

After hearing and careful review of the parties' submissions, the Plaintiffs' Motions are **DENIED**. Plaintiffs acknowledge that the subject matter of this action constitute a claim of a right to title to property at 65 Reed St., Randolph, Norfolk County, Massachusetts. However, as noted in Defendant's Memorandum in Opposition to Plaintiffs' Motion for *Lis Pendens*, the property is registered land. The Land Court has "exclusive original jurisdiction" over "[c]omplaints affecting title to registered land . . . ." G. L. c. 185, § 1 (a 1/2). See *Johnson* v. *Christ Apostle Church*, 96 Mass. App. Ct. 699, 701 (2019). Therefore, the Superior Court "lacks jurisdiction to adjudicate claims that seek a remedy that affects title to registered land, and lacks jurisdiction to impose such a remedy." *Sor* v. *Lim*, 100 Mass. App. Ct. 1106, 2021 WL 3729641 at *1 (2021) (Rule 23.0 Decision). In this case, the plaintiffs seek remedies that affect title to registered land: (1) injunctive relief preventing the defendants from transferring ownership of the registered land located at 65 Reed Street in Randolph to anyone other than plaintiff Joseph L. Nelson, (2) specific performance of a purchase and sale agreement for the sale of the property to the plaintiffs, and 3) approval of a memorandum of *lis pendens* for the property. The Land Court has exclusive original jurisdiction over the plaintiffs' claims and the Superior Court lacks jurisdiction to adjudicate them. Accordingly, the Plaintiff's claims are not properly before this Court, and as such, the motions are denied.

Date:   January 22, 2024

Adam L. Sisitsky
Associate Justice of the Superior Court

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.
Deputy Assistant Clerk
1/23/24

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

TRIAL COURT
SUPERIOR COURT DEPARTMENT
NORFOLK DIVISION
DOCKET NO. _____

THE ESTATE OF SARAH A. HOWARD,      )
JOSEHP L. NELSON,                   )
Plaintiff(s),                       )
                                    )
                                    )
                                    )
v.                                  )
                                    )
                                    )
SELECT PORTFOLIO SERVICING INC.,    )
FREDDIE MAC,                        )
Defendants.)                        )
                                    )

**VERIFIED COMPLAINT FOR EQUITABLLE RELIEF INCLUDING RESTRAINING THE TRANSFER OF OWNERSHIP OF THE REAL PROPERTY TO ANY OTHER PERSON OR ENTITY OTHER THAN BY SALE TO THE DECEDENT'S SON**

a. **INTRODUCTION**

The Estate of Sarah A. Howard, also known as Sarah Taylor-Charvis, represented by Joseph L. Nelson, the personal representative (son of the deceased), respectfully moves this Honorable Court to issue a restraining order against the defendants and any affiliated individuals or entities, prohibiting them from selling, mortgaging, or otherwise transferring any ownership rights of the real property situated at 65 Reed Street, Randolph, Massachusetts to any party other than Mr. Joseph L. Nelson. This property was purportedly sold at an auction. Additionally, the motion seeks an order to facilitate the sale of the

aforementioned real property to Mr. Nelson at the price for which Mr. Nelson was previously contracted, qualified and approved to purchase the property by the probate court.

The grounds for this motion are rooted in the potential irreparable harm Mr. Nelson faces if the requested relief is not granted. Specifically, Mr. Nelson has consistently been prepared and financially able to finalize the purchase of his late mother's residence, offering the same sum as previously contracted and agreed. Any delays in completing the purchase were primarily due to the unfortunate passing of one of Mr. Nelson's sisters during the sale process. The defendants, despite acknowledging the need for further legal proceedings related to the sister's passing, failed to allow sufficient time to resolve these legal matters. It is crucial to note that the relief sought will not result in any prejudice or financial losses to the defendants.

**b.   PARTIES**

1. The Estate of Sarah A. Howard has been the owner of 65 Reed Street, Randolph, Massachusetts. Its personal representative is Joseph L. Nelson, representing said Estate.
2. Joseph L. Nelson is the son of the decedent and resides at 14 Dowfield Terrace, East Lynn, Essex County, Massachusetts 01904.
3. Defendant Select Portfolio Servicing Inc., also known as SPS, is a foreign entity engaged in regular commerce in Massachusetts. SPS provides its address as P.O. Box 65250, Salt Lake City, Utah 84165.
4. Defendant Freddie Mac's address is 8200 Jones Branch Drive, McLean, Virginia 22102.

**c.   FACTS**

5. Sarah A. Howard, also known as Sarah A. Taylor-Charvis, was an individual who resided at 65 Reed Street, Randolph, Massachusetts (hereinafter referred to as "65 Reed Street").
6. Ms. Howard purchased and owned 65 Reed Street since March 24, 1999.
7. The mortgage servicer for 65 Reed Street is SPS, while the mortgage provider/holder is Freddie Mac.

8. Both SPS and Freddie Mac regularly conduct business in Massachusetts, including, but not limited to, granting mortgages for real property located in Massachusetts and servicing these mortgages within the state.

9. Consequently, both SPS and Freddie Mac are subject to the jurisdiction of the Norfolk Superior Court in Dedham/Canton, Massachusetts, under the long-arm statute.

10. Ms. Howard resided at 65 Reed Street from the time of purchase, as stated in the prior paragraph, until her death on or about May 17, 2022, at the age of 85.

11. Ms. Howard died intestate.

12. Ms. Howard left 6 surviving heirs at the time of her death.

13. After Ms. Howard's death, her son Joseph L. Nelson was appointed the personal representative of her estate, hereinafter referred to as "the Estate."

14. Mr. Nelson diligently worked to resolve all issues pertaining to the Estate.

15. Additionally, Mr. Nelson arranged to purchase 65 Reed Street from the Estate.

16. Throughout the relevant period, Mr. Nelson had and continues to possess the ability to purchase 65 Reed Street, including the capacity to fully pay off the relevant mortgage.

17. The mortgage holder, SPS, approved Mr. Nelson's purchase of 65 Reed Street from the Estate.

18. Unfortunately, prior to the completion of the purchase, one of Ms. Howard's heirs, Namorya Nelson, passed away on or about March 20, 2023.

19. The sister's death delayed the closing as she passed away before executing the assent for Mr. Nelson's purchase of the property. Hence, the probate of the sister's Estate became necessary for the mortgage to be finalized at closing.

20. During the delay, the Estate requested SPS to allow necessary time for resolving outstanding issues to facilitate Mr. Nelson's purchase of 65 Reed Street.

21. At a certain point, SPS declined despite Mr. Nelson's request to delay foreclosure and the related auction to allow him to complete the purchase.

22. Subsequently, at the auction, the defendants accepted a bid of $200,000 plus for the purchase of 65 Reed Street from an unrelated person or entity, not involving Mr. Nelson.

23. Ownership of 65 Reed Street has not transferred to the auction winner. No deed has been recorded at the Norfolk County Registry of Deeds transferring ownership from the Estate.

24. Mr. Nelson remains prepared and able to complete the purchase of 65 Reed Street, including fully paying off the relevant mortgage.

25. This readiness includes Mr. Nelson's approval for a mortgage by Norfolk Capital for an amount exceeding $210,000.

26. Due to the unique nature of real property, if Mr. Nelson is prevented from purchasing 65 Reed Street, he will suffer irreparable harm.

27. This irreparable harm is exacerbated by Mr. Nelson's desire to reside in his late mother's former home at 65 Reed Street for sentimental, emotional, and familial reasons.

28. Allowing and ordering Mr. Nelson to purchase 65 Reed Street for the same price as previously approved, plus any reasonable and related expenses incurred by the defendants or the proposed third-party purchaser, will not result in damages to the defendants.


**d. AVERMENTS**


### COUNT I -

**EQUATIABLE RELIEF BY HANDING DOWN A TRO, PRELIMINARY INJUNCTION, AND PERMENANT INJUNCTION ORDER PRECLUDING THE TRANSFER OF OWNERSHIP OF 65 REED STREET BY OR ON BEHALF OF THE DEFENDANTS TO ANY PERSON OR ENTITY OTHER THAN MR. NELSON**


29. The plaintiff incorporates by reference the facts and averments detailed in paragraphs 1-28 of this complaint.

30. When asked to grant a preliminary injunction, the judge initially evaluates the moving party's claim of injury and chance of success on the merits in combination. If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm that granting the injunction would create for the opposing party. Only when the balance between these risks favors the moving party may a preliminary injunction properly issue." (Packaging Industry Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980)).

*a.*     ***THE PLAINTIFF WILL SUFFER THE IRREPARABLE HARM OF THE EXTINCTION OF ITS BUSINESS IF INJUCNTIVE RELIEF IS NOT GRANTED.***

31. Mr. Nelson arranged and contracted to purchase 65 Reed Street from the Estate.

32. Throughout the relevant times, Mr. Nelson had the ability to purchase 65 Reed Street and fully pay off the relevant mortgage.

33. The mortgage holder, SPS, approved the purchase of 65 Reed Street by Mr. Nelson.

34. Unfortunately, prior to the finalization of the purchase by Mr. Nelson, an issue arose: his sister [Sister's Name] died.

35. The sister's death caused a delay in the closing due to the mortgagor's demand for approval from the sister's estate regarding the transfer to Mr. Nelson.

36. During this delay, the Estate requested that SPS provide the necessary time for both the Estate and Mr. Nelson to resolve the issues and consummate the purchase of 65 Reed Street.

37. Mr. Nelson remains ready, willing, and able to consummate the purchase of 65 Reed Street, including fully paying off the relevant mortgage.

38. This readiness includes being approved for a mortgage exceeding $210,000.

39. Considering the unique attributes of real property, if Mr. Nelson is not permitted to purchase 65 Reed Street, he will suffer irreparable harm.

40. This irreparable harm is compounded by Mr. Nelson's desire to occupy his mother's former home at 65 Reed Street for emotional and sentimental reasons.

41. No damages will accrue to the defendants if Mr. Nelson is permitted and ordered to purchase 65 Reed Street for the same price as the auction, plus any reasonable and related expenses incurred by the defendants or the proposed third-party purchaser.

42. The foregoing establishes that Mr. Nelson will suffer irreparable harm if the relief requested herein is not granted.


**b.     THERE IS A HIGH LIKLIHOOD THAT THE PLAINTIFFS WILL PREVAIL ON THE MERITS IN THE ABOVE-CAPTIONED MATTER.**

43. Considering that Mr. Nelson has at relevant times been ready, willing, and able to purchase 65 Reed Street at the previously approved price, there is a strong likelihood that the plaintiffs will prevail on the merits in the present case.

c. **THE DEFENDANTS WILL NOT SUFFER ANY HARM IF THE REQUESTED INJUNCTION IS GRANTED BECAUSE IT WILL RECEIVE THE SAME PURCHASE PRICE AS PREVIOUSLY AGREED**

44. The defendants have tentatively agreed to receive a certain sum of money for the purchase of 65 Reed Street.

45. Throughout the relevant times, Mr. Nelson and the plaintiffs have been prepared, willing, and able to pay the same amount to the defendants.

46. No transfer of the deed or title has been completed.

47. If the requested injunction is granted, the defendants will receive the same or potentially higher revenues compared to if the sale proceeded to a party other than Mr. Nelson.

48. Based on paragraphs 1 through 46, the defendants will not suffer harm since they will continue to receive the benefit of the agreement under the sale.

d. **THE BALANCING OF THE EQUITIES DEMONSTRATES THAT IF THE REQUESTED INJUNCTION IS NOT ISSUED, THE PLAINTIFFS WILL SUFFER IRREPARABLE HARM, AND SUCH HARM TO THE PLAINTIFFS EXCEEDS ANY POTENTIAL HARM THAT MAY BE CLAIMED BY THE DEFENDANTS IF THE INJUNCTION IS ISSUED.**

49. Given that the plaintiffs will suffer irreparable harm if the requested relief is not granted, and the defendants will suffer no harm if the requested relief is granted, balancing the equities supports only the ordering of the relief requested in this complaint.

WHEREFORE, the plaintiffs pray for a TRO and Preliminary Injunction that ENJOINS and RESTRAINS the defendants, their agents, servants, employees, and attorneys, or any other person acting in concert with, on behalf of, or otherwise at the behest of the defendants, to be

restrained and enjoined from transferring the title to the real property located at 65 Reed Street, Randolph, Massachusetts to any person or entity other than the Plaintiff Joseph Nelson.

50. The plaintiffs hereby reassert and reiterate the assertions detailed in paragraphs 1-49 of this complaint as if fully set forth herein this paragraph.

## COUNT II - BREACH OF CONTRACT - SPECIFIC PERFORMANCE

51. The Purchase and Sale Agreement (P&S) constitutes a binding contract between the parties.

52. The Plaintiffs were ready, willing, and able to fulfill their obligations under the P&S in anticipation of receiving the deed from the Defendant. However, they only required a short extension of time due to the unforeseen death of one heir.

53. Such an extension of time is customary in similar transactions.

54. The Property holds unique significance, particularly as it is a legacy from Mr. Nelson's mother. Therefore, monetary damages cannot adequately remedy the harm suffered by the Plaintiffs.

WHEREFORE, the plaintiffs request the relief of Specific Performance of the P&S and request an extension of time to obtain the necessary approval from the estate of the deceased sister.

## COUNT III – BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING

55. The Plaintiffs hereby restate and reaffirm the assertions made in the preceding paragraphs of this complaint as if fully stated and presented herein this paragraph of the Complaint.

56. Under Massachusetts law, the Purchase and Sale Agreement (P&S) contains or implies a covenant of good faith and fair dealing between the parties, even if the agreement does not explicitly include such a covenant.

57. The implied covenant of good faith and fair dealing prohibits the defendants, as parties to the P&S, from engaging in any conduct that would impair or harm the rights of the other parties (the plaintiffs) to receive the benefits stipulated in the P&S.

58. The plaintiffs have consistently acted in good faith and fair dealing. This includes, among other actions, securing the necessary mortgage and preparing for the closing.

59. The delay in closing was solely due to the unforeseen death of one of the heirs.

60. There were no insurmountable obstacles preventing the prompt resolution of the issue.

61. Such a time extension for closing is both reasonable and customary in real estate transactions of this nature.

62. The defendants have breached the implied covenant of good faith and fair dealing by refusing to extend the closing time to allow the plaintiff to obtain approval from the estate, an action that was not expected to take an unreasonable amount of time.

63. As a result of the aforementioned actions, the plaintiffs have incurred damages, including but not limited to the inability to purchase the property from the estate, expenses related to securing the mortgage, as well as other costs and expenses.


WHEREFORE, the plaintiffs request the relief of Specific Performance of the P&S and seek an extension of time to obtain the necessary approval from the estate of the deceased sister.


## COUNT IV – LIS PENDENS

64. The Plaintiffs hereby restate and reaffirm the assertions made in the preceding paragraphs of this Complaint as if fully stated and presented herein this paragraph of the Complaint.

55. The Plaintiff asserts that the subject matter of the action pertains to a claim of the right to title to the Property, along with the use and occupancy thereof as per the Option to Purchase.

56. The Purchase and Sale Agreement (P&S), executed by the plaintiffs, grants them the exclusive right to purchase and become the sole owners of the Property.

57. The preceding counts outline the wrongful actions of the defendants and demonstrate the plaintiffs' reasonable likelihood of success on the merits.

58. The plaintiffs have adhered to proper conduct and complied with the terms of the P&S, including requesting a customary extension of time to close due to the unexpected death of one heir.

59. However, the defendants' actions have been unreasonable by refusing to consent to the customary extension of time for closing based on unforeseen circumstances, and subsequently conducting an auction to sell the property to an entity unrelated to Mr. Nelson.

60. The wrongful conduct of the defendants has needlessly complicated the transfer of the Property, which could have been executed easily and at any time.

WHEREFORE, the Plaintiff moves for approval of the Memorandum of Lis Pendens attached hereto on an ex parte basis."

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
The Estate of Sarah A. Howard
by its Personal Representative,
Joseph L. Nelson Individually,
Plaintiff

## *PLAINTIFFS' VERIFICATION*

I, Joseph L. Nelson, hereby verify under the pains and penalties of perjury that the factual statements and allegations in this Complaint are true and accurate to the best of my knowledge.

December 14, 2023

Joseph L. Nelson

CERTIFICATE OF SERVICE

I, Joseph L. Nelson hereby certify that on this 14th day of December 2023 I served a true copy of the foregoing verified complaint on the defendants by USPS, Next Day Mail, and Delivery Confirmation Requested.

Dated:  12/14/2023  _____
                                   Joseph L. Nelson

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

TRIAL COURT
SUPERIOR COURT DEPARTMENT
NORFOLK DIVISION
DOCKET NO. _____

THE ESTATE OF SARAH A. HOWARD,          )
JOSEHP L. NELSON,                       )
Plaintiff(s),                           )
                                        )
                                        )
v.                                      )
                                        )
                                        )
SELECT PORTFOLIO SERVICING INC.,        )
FREDDIE MAC,                            )
Defendants.)                            )
                                        )

## EX-PARTE MOTION FOR LIS PENDENS

The Plaintiff, Individual hereby moves on an ex parte basis for approval of a
Memorandum of Lis Pendens relating to the real estate of the Defendant Estate of Sarah A.
Howard is (or was) the owner of the improved land at 65 Reed Street, Randolph, Norfolk County,
Massachusetts, which land is more fully described in a deed recorded with the Norfolk County
Registry of Deeds at Book _____ Page _____ (the "Property").

As grounds therefor, the Plaintiff states that the subject matter of the action constitutes a claim of a right
to title to the Property and the use and occupancy thereof. Furthermore, the defendants have auctioned
the property to third parties and in violation of the P&S and other violations of the law set forth in the
Verified Complaint – this makes a transfer of the Property a matter that could be accomplished easily
and will irreparably damage the Plaintiff and if not done will cause irreparable damage to the Plaintiff.

WHEREFORE, the Plaintiff moves for approval of the Memorandum of Lis Pendens annexed hereto on an ex parte basis.


Respectfully submitted,
The Estate of Sarah A. Howard
by its Personal Representative,
Joseph L. Nelson Individually,
Plaintiff

CERTIFICATE OF SERVICE

I, Joseph L. Nelson hereby certify that on this 14th day of December 2023 I served a true copy of the

foregoing pleading on the defendants by USPS, Next Day Mail, and Delivery Confirmation Requested.

Dated: 12/14/2023 _____

Joseph L. Nelson

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

TRIAL COURT
SUPERIOR COURT DEPARTMENT
NORFOLK DIVISION
DOCKET NO. _____

THE ESTATE OF SARAH A. HOWARD,        )
JOSEHP L. NELSON,                     )
Plaintiff(s),                         )
                                      )
                                      )
v.                                    )
                                      )
                                      )
SELECT PORTFOLIO SERVICING INC.,      )
FREDDIE MAC,                          )
Defendants.)                          )
                                      )

## MEMORANDUM OF LIS PENDENS

Notice is hereby given that on December 14, 2023 the undersigned Plaintiff commenced an action in the Norfolk County Superior Court, being Docket No. _____, a Verified Compliant in which the undersigned is named as Plaintiff and the complaint is filed against above-captioned defendants.

Said Verified Complaint affects the title to the land located at 65 Reed, Randolph, MA 02368 which land is more fully described in a deed recorded with Norfolk County Registry of Deeds in Book _____, Page _____.

Dated: December 14, 2023

Respectfully submitted,
The Estate of Sarah A. Howard
by its Personal Representative,
Joseph L. Nelson Individually,
Plaintiff

CERTIFICATE OF SERVICE

I, Joseph L. Nelson hereby certify that on this 14th day of December 2023 I served a true copy of the foregoing pleading on the defendants by USPS, Next Day Mail, and Delivery Confirmation Requested.

Dated: 12/14/2023 _____

Joseph L. Nelson

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

TRIAL COURT
SUPERIOR COURT DEPARTMENT
NORFOLK DIVISION
DOCKET NO. _____

THE ESTATE OF SARAH A. HOWARD, )
JOSEHP L. NELSON, )
Plaintiff(s), )
)
)
v. )
)
)
SELECT PORTFOLIO SERVICING INC., )
FREDDIE MAC, )
Defendants.) )
)

## FINDING AND ORDER OF APPROVAL OF
## MEMORANDUM OF LIS PENDENS

This cause came on to be heard without notice, upon ex parte motion for approval of a Memorandum of Lis Pendens, and upon consideration thereof, the court hereby finds:

For the reasons set forth in the Verified Complaint and motion, whereupon the court hereby approves the above Memorandum of Lis Pendens.

_____
Justice of the Superior Court

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

TRIAL COURT
SUPERIOR COURT
DEPARTMENT
NORFOLK DIVISION
DOCKET NO. _____

THE ESTATE OF SARAH A. HOWARD,    )
JOSEHP L. NELSON,                 )
Plaintiff(s),                     )
                                  )
                                  )
                                  )
v.                                )
                                  )
                                  )
SELECT PORTFOLIO SERVICING INC.,  )
FREDDIE MAC,                      )
Defendants.)                      )
                                  )
                                  )

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER**

1. When asked to grant a preliminary injunction, the judge initially evaluates the moving
   party's claim of injury and likelihood of success on the merits in combination. If the
   judge determines that the failure to issue the injunction would subject the moving party
   to a significant risk of irreparable harm, the judge must then weigh this risk against any
   similar risk of irreparable harm that granting the injunction would create for the opposing
   party. Only when the balance between these risks favors the moving party may a
   preliminary injunction be properly issued." (Packaging Industry Group, Inc. v. Cheney,
   380 Mass. 609, 617 (1980)).

### d.   THE PLAINTIFF WILL SUFFER THE IRREPARABLE HARM OF THE EXTINCTION OF ITS BUSINESS IF INJUCNTIVE RELIEF IS NOT GRANTED.

2. Mr. Nelson arranged and contracted to purchase 65 Reed Street from the Estate.

3. Throughout the relevant times, Mr. Nelson had the ability to purchase 65 Reed Street and fully pay off the relevant mortgage.

4. The mortgage holder, SPS, approved Mr. Nelson's purchase of 65 Reed Street.

5. Unfortunately, prior to the completion of the purchase by Mr. Nelson, one of his siblings died.

6. The death of the sister delayed the closing since she passed away intestate before being able to sign the assent to support Joseph Nelson's purchase of the property. She had agreed to do so in conversation and in principle, which was agreed upon with her other five siblings.

7. During the delay, the Estate requested that SPS provide the necessary time for both the Estate and Mr. Nelson to resolve the issues and complete the purchase of 65 Reed Street.

8. Mr. Nelson remains ready, willing, and able to complete the purchase of 65 Reed Street, including fully paying off the relevant mortgage.

9. This readiness includes being approved for a mortgage exceeding $210,000.

10. Given the unique attributes of real property, if Mr. Nelson is not allowed to purchase 65 Reed Street, he will suffer irreparable harm.

11. This irreparable harm is further compounded by the fact that Mr. Nelson wishes to occupy his mother's former home at 65 Reed Street for emotional and sentimental reasons.

12. No damages will accrue to the defendants if Mr. Nelson is permitted and ordered to purchase 65 Reed Street for the same price as the auction, plus any reasonable and related expenses incurred by the defendants or the proposed third-party purchaser.

13. The foregoing establishes that Mr. Nelson will suffer irreparable harm if the relief requested herein is not granted.

### e.   THERE IS A HIGH LIKLIHOOD THAT THE PLAINTIFFS WILL PREVAIL ON THE MERITS IN THE ABOVE-CAPTIONED MATTER.

14. Considering that Mr. Nelson has consistently been ready, willing, and able to purchase 65 Reed Street for the same price as the auction, there is a high likelihood that the plaintiffs will prevail on the merits in the case at bar.

## f. THE DEFENDANTS WILL NOT SUFFER ANY HARM IF THE REQUESTED INJUNCTION IS GRANTED BECAUSE THEY WILL RECEIVE THE SAME PURCHASE PRICE.

15. The defendants have contracted to receive $200,000 or more for the sale of 65 Reed Street.

16. At all relevant times, Mr. Nelson and the plaintiffs have been ready, willing, and able to pay the same amount to the defendants.

17. No transfer of the deed or title has been completed.

18. If the requested injunction is issued, the defendants will receive the same or higher revenues as if the sale proceeded to a party other than Mr. Nelson.

19. Based on paragraphs 1 through 47, the defendants will suffer no harm since they will continue to receive the benefit of the bargain under the lease.

## e. THE BALANCING OF THE EQUITIES DEMONSTRATES THAT IF THE REQUESTED INJUNCTION IS NOT ISSUED, THE PLAINTIFFS WILL SUFFER IRREPARABLE HARM, AND THE HARM TO THE PLAINTIFFS EXCEEDS ANY POSSIBLE HARM THAT MAY BE CLAIMED BY THE DEFENDANTS IF THE INJUNCTION IS ISSUED.

20. Given that the plaintiffs will suffer irreparable harm if the requested relief is not granted, and the defendants will suffer no harm if the requested relief is granted, balancing the equities supports only the ordering of the relief requested in this complaint.

21. Accordingly, based on the Verified Complaint, the plaintiffs respectfully move that the Court enter the requested temporary restraining order and thereafter a preliminary injunction as follows:

that the defendants, their agents, servants, employees, and attorneys, or any other person acting in concert with, on behalf of, or otherwise at the behest of the defendants, be restrained and enjoined from transferring the title to the real property located at 65 Reed Street, Randolph Massachusetts to any person or entity other than the Plaintiff Nelson.

Respectfully submitted,
The Estate of Sarah A. Howard
by its Personal Representative,
Joseph L. Nelson Individually,
Plaintiff

CERTIFICATE OF SERVICE

I, Joseph L. Nelson hereby certify that on this 14th day of December 2023 I served a true copy of the foregoing pleading on the defendants by USPS, Next Day Mail, and Delivery Confirmation Requested.

Dated:  12/14/2023  _____

Joseph L. Nelson

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

TRIAL COURT
SUPERIOR COURT DEPARTMENT
NORFOLK DIVISION
DOCKET NO. _____

THE ESTATE OF SARAH A. HOWARD,          )
JOSEHP L. NELSON,                       )
Plaintiff(s),                           )
                                        )
                                        )
                                        )
v.                                      )
                                        )
                                        )
SELECT PORTFOLIO SERVICING INC.,        )
FREDDIE MAC,                            )
Defendants.)                            )
                                        )

### TEMPORARY RESTRAINING ORDER

After hearing, the Court hereby ENJOINS and RESTRAINS the defendants, their agents, servants,

employees and attorneys, or any other person acting in concert with, on behalf of, otherwise at the behest

of the defendants be restrained and enjoined from transferring the title to the real property located at 65

Reed Street, Randolph, Massachusetts to any person or entity other than the Plaintiff Nelson.


The Court further orders that a preliminary injunction hearing in this matter be scheduled for

_____ at 2:00 p.m.



_____
Justice of the Superior Court

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

TRIAL COURT
SUPERIOR COURT DEPARTMENT
NORFOLK DIVISION
DOCKET NO. _____

THE ESTATE OF SARAH A. HOWARD,       )
JOSEHP L. NELSON,                    )
Plaintiff(s),                        )
                                     )
                                     )
                                     )
v.                                   )
                                     )
                                     )
SELECT PORTFOLIO SERVICING INC.,     )
FREDDIE MAC,                         )
Defendants.)                         )
                                     )

## PRELIMINARY INJUNCTION

After hearing, the Court hereby ENJOINS and RESTRAINS the defendants,  their agents, servants,
employees and attorneys, or any other person acting in concert with, on behalf of, otherwise at the behest
of the defendants be restrained and enjoined from transferring the title to the real property located at 65
Reed Street, Randolph, Massachusetts to any person or entity other than the Plaintiff Nelson.

_____
Justice of the Superior Court